## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| BRANDON DION CHISHOLM, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-00184 |
| J.P. MORGAN CHASE BANK, N.A., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes BRANDON DION CHISHOLM ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and maintains significant contacts and offices in the Northern District of Indiana.

## PARTIES

4.  Plaintiff is a 32 year-old natural "person" as defined by 47 U.S.C. §153(39).

5.  Defendant is a foreign corporation formed under the laws of the State of Delaware, and has a principal place of business located at 270 Park Avenue, New York, New York 10017.  Defendant provides various banking and other financial services to consumers nationwide.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  In approximately April 2016, Plaintiff began receiving calls to his cellular phone, (313) XXX-1193, from Defendant.  *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

9.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1193.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Plaintiff is unaware as to how Defendant obtained his information, as he does not have any financial accounts or any type of relationship with it whatsoever.  *See* Exhibit A.

11. Defendant mainly calls Plaintiff's cellular phone using the phone number (614) 890-1031. *Id.*

12.   Upon information and belief, the above phone number ending in 1031 is regularly utilized by Defendant to contact consumers during its debt collection activity.

13.   When Plaintiff answers phone calls from Defendant, he experiences a recorded message, asking to speak with an individual named "Mr. Morgan." *Id.*

14.   Plaintiff is unfamiliar with any individual containing the last name Morgan, and has stated as such on the recordings and has demanded that it stop calling him, but Defendant's recorded message does not give him the option to opt out. *Id.*

15.   Despite calling to collect upon the wrong individual, Defendant has continued to regularly calls Plaintiff's cellular phone up until the date of the filing of this complaint. *Id.*

16.   Defendant has called Plaintiff's cellular phone multiple times during the same day, asking to speak with an individual whom Plaintiff did not know. *Id.*

17.   For example, on April 21, 2016, May 5, 2016, and July 16, 2016, Defendant called Plaintiff's cellular phone not less than 3 times on each respective day, asking for the wrong individual. *Id.*

18.   Plaintiff has received not less than 105 phone calls from Defendant, asking to speak with an individual whom Plaintiff is unfamiliar with. *Id.*

19.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

20.   With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $69.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

21.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message that Plaintiff experiences when answering Defendant's calls is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with. As such, he could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, he explicitly revoked any consent by his demands to cease contact.

4

27.  The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant had ample information to be aware that it was calling the wrong party, but yet, it continued its attempts to harass Plaintiff into submission.

WHEREFORE, Plaintiff, BRANDON DION CHISHOLM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

29.  Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

31.  The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An

act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

"Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

32. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

33. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

34. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

35. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff, asking for a person whom Plaintiff is unfamiliar with.  Plaintiff never gave consent to Defendant and is unaware as to how it obtained his information.  Even so, Plaintiff still told Defendant to stop calling, which would revoke any hypothetical consent that Plaintiff may have given, which he did not.  However, Defendant consciously continued its abusive attempts to collect payment from him.

36. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS.  Defendant was never given consent to contact Plaintiff in the first place, but even so, once Plaintiff demanded that it stop calling him, Defendant was obligated under the TCPA to cease its contacts.  In defiance of the law, however, Defendant continued its deceptive conduct.  Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

37. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

38. In violating the TCPA, Defendant in further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

39. Defendant engaged in illegal and fraudulent behavior during its collection efforts towards Plaintiff. Defendant was calling the wrong party, and it intended that Plaintiff rely on its illegal behavior and make a payment, even though the outstanding debt was not owed by him. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

41. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had more than enough knowledge to know that it was calling the wrong person, and was even told by Plaintiff to stop calling, but yet, it continued to contact him over 105 times in an attempt to collect upon a debt not belonging to

him.  This places a spotlight on Defendant's unfair and deceptive acts, in that it will seek to procure payment from any one, with no regard as to whether or not the debt actually belongs to that person. Regardless, Plaintiff still demanded that Defendant stop contacting him.  The fact that Defendant refused to abide by said notices and continued to contact the wrong party in an attempt to collect upon an outstanding debt further highlights that its behavior is incurable.

42. Upon information, Defendant conducts the above described behavior on a wide and frequent basis.  Defendant's pattern and practice shows that it routinely engages in debt collection activities, where it continuously calls the wrong party in hopes that someone will end up making a payment, even if it is the wrong individual.  This is extremely unfair and abusive, and it goes against the state's goal of preventing the phone from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious.

43. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 16 through 22, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, BRANDON DION CHISHOLM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c.  Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d.  Enjoining Defendant to cease contacting Plaintiff; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 24, 2017                         Respectfully submitted,

s/ Nathan C. Volheim                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                         Counsel for Plaintiff
Admitted in the Northern District of Indiana  Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                      Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                     Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                   (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                      thatz@sulaimanlaw.com